IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| VICKIE R. AUSTIN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 08-G-1379-NE |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

The plaintiff, Vickie Austin, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

**STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." <u>Bloodsworth</u>, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." <u>Bloodsworth</u>, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

> (5) whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers.  Id.

In the instant case, ALJ Randall C. Stout determined the plaintiff met the first two tests, but concluded that while she has an impairment or combination of impairments considered "severe," she did not suffer from a listed impairment.  In his decision, the ALJ found that the plaintiff has the residual functional capacity to perform less than the full range of light work.  [R. 14].  Accordingly, the ALJ found the Plaintiff not to be disabled.

### THE STANDARD WHEN THE CLAIMANT TESTIFIES SHE SUFFERS FROM DISABLING PAIN

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the

alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, she must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## WHEN THE CLAIMANT HAS MULTIPLE IMPAIRMENTS

When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling.  In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

## THE IMPACT OF A VOCATIONAL EXPERT'S TESTIMONY

It is common for a vocational expert ("VE") to testify at a claimant's hearing before an ALJ, and in many cases such testimony is required.  The VE is typically asked whether the claimant can perform his past relevant work or other jobs that exist in significant numbers withing the national economy based upon hypothetical questions about the claimant's abilities in spite of his impairments.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

5

If the claimant is unable to perform her prior relevant work the burden shifts to the Commissioner to establish that she can perform other work.  In such cases, if the vocational expert testimony upon which the ALJ relies is based upon a hypothetical question that does not take into account all of the claimant's impairments, the Commissioner has not met that burden, and the action should be reversed with instructions that the plaintiff be awarded the benefits claimed.  This is so even if no other hypothetical question is posed to the VE.  See Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1280 (9th Cir. 1987)(noting that when the burden is on the Commissioner to show the claimant can do other work, the claimant is not obligated to pose hypothetical questions in order to prevail).  However, it is desirable for the VE to be asked whether the claimant can perform any jobs if her subjective testimony or the testimony of his doctors is credited.  Such a hypothetical question would allow disability claims to be expedited in cases in which the ALJ's refusal to credit that testimony is found not to be supported by substantial evidence.

In Varney v. Secretary of Health and Human Services, 859 F.2d 1396 (9th Cir. 1987), the Ninth Circuit adopted the Eleventh Circuit rule which holds that if the articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, that testimony is accepted as true as a matter of law.  Id at 1401.  The court noted that "[a]mong the most persuasive arguments supporting the rule is the need to expedite disability claims."  Id.  If the VE is asked whether the claimant could perform other jobs if his testimony of pain or other subjective symptoms is accepted as

true, the case might be in a posture that would avoid the necessity of a remand. As Varney recognized, if the VE testifies the claimant can perform no jobs if her pain testimony is accepted as true, the only relevant issue would be whether that testimony was properly discredited. Id. This also holds true for the opinions of treating physicians.

## DISCUSSION

In his opinion, ALJ Stout wrote:

> The claimant reports impairments which include a history of three back surgeries with residual back pain, hypertension, diabetes, Bell's palsy, asthma, and obesity. She reports average pain at 7-8/10. She states she has diabetic neuropathy in her feet, toes, and ankles. She reports mood swings and depression due to her pain. She also states she has mitral valve prolapse and has to lie down for 1 hour, 3 times a day. She indicates she can lift 2 to 5 pounds and can sit for 15 minutes, stand for 5 minutes, and walk a 1/4 block. She reports side effects from her medications including dizziness, nausea and pain.

[R. 15]. The plaintiff has had three surgical procedures on the same part of the spine, indicating failed back syndrome.[1] The ALJ found that the plaintiff's medically determinable impairments could reasonably be expected to produce her alleged symptoms, but her "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment" determined by the ALJ. [Id.].

---

[1] Failed back syndrome is not a single disease but a collection of conditions that emerge after any number of surgeries or other treatments. Patients with failed back syndrome have undergone one or more surgical procedures and continue to have debilitating pain. This pain may be caused by recurring disc herniation, excessive scarring, or injury to nerve roots.

http://www.einstein.edu/e3front.dll?durki=6485# failedback

In addressing the plaintiff's credibility, the ALJ referred to the March 16, 2005, report of Gilbert Aust, M.D., the plaintiff's treating neurosurgeon:

> . . . Dr. Aust at The Orthopaedic Center indicated the claimant could continue all normal activities with no restrictions. He further stated she could live a completely normal lifestyle without restrictions. Her examination showed no motor or sensory deficits and she had a negative straight leg raising test and bowstring sign. She had good range of motion in her lower back and x-rays showed her fusions to be completely solid (Exhibit 11F).

[R. 16]. The court notes that this report predates the plaintiff's amended onset date of June 15, 2006, by 15 months. The ALJ relies on this report to discredit the plaintiff:

> In March 2005, Dr. Aust stated that the claimant had no restrictions and she was able to live a completely normal lifestyle without restrictions. His functional opinion, along with that of the state agency which indicted the claimant could perform a limited range of work activity at the medium level of exertion, are the only ones of record and both are given considerable weight as they are consistent with the treatment she has received.

[R. 17]. It was improper for the ALJ to rely on an outdated report in order to discredit the plaintiff.

The ALJ also referred to a February 2007 consultative physical examination by Marlin D. Gill, M.D.:

> At that time she reported she was able to take care of her personal needs and go to the grocery store for shopping. While she indicated she could only perform activities in 10 minute increments and then needed to sit down or lie down to rest, she reported numerous activities including doing her own cleaning, laundry, cooking, and dishwashing. Furthermore, she stated she could sit with no limitations, stand for a maximum of 15 minutes, and walk a maximum of one block (Exhibit 14F). The undersigned notes the inconsistencies which impacts [sic] the credibility which can be given to the claimant. The claimant also reported side effects from her medications.

> However, evidence that she reported side effects to her treating sources is not found.

[Id.]. However, the limitations testified to by the plaintiff at the hearing were only slightly more restrictive than those she reported to Dr. Gill, and could have reasonably occurred over the 14-month time period between the consultative examination and the hearing. Moreover, while the ALJ discusses the plaintiff's impairments individually[2], it is clear that he did not properly consider them in combination.

For these reasons, the ALJ's decision is not supported by substantial evidence. "Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record. This obligation exists even if the claimant is represented by counsel, or has waived the right to representation." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)(citations omitted). When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling. In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

---

[2] In a cursory fashion, the ALJ mentions and dismisses the following impairments: obesity; Bell's palsy; asthma; hypertension; mitral valve prolapse; and type II diabetes mellitus.

Because the ALJ's reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true. At the hearing, the ALJ examined Martha Daniel, a vocational expert:

> Q: Okay. If this individual had to miss two or more, let's put it more than two days of work, excuse me, of work on a monthly basis as a result of her impairments, would that preclude her prior work and would it also have an affect [sic] on the wide world of unskilled work?
>
> A: Yes, Your Honor. It would preclude all work activity.
>
> Q: If she had to take frequent work breaks beyond those, in other words, work breaks beyond those usually scheduled for unskilled or perhaps other work, would that be acceptable in the work place?
>
> A: No, Your Honor.
>
> Q: If she was experiencing pain and discomfort to the extent that it would affect her ability to pay attention and to concentrate and that, as a result of that, she would be unable to pay attention or concentrate for periods of even up to two consecutive hours, would that affect her prior work and would that also affect the wide world of unskilled work?
>
> A: Yes, Your Honor. It would preclude work activity.

[R. 362].

## CONCLUSION

Because the plaintiff meets the three part pain standard, the Commissioner must articulate reasons for refusing to credit the plaintiff's pain testimony. In this case, as noted above, the ALJ's reasons for discrediting the plaintiff's pain testimony are not supported by substantial evidence. Therefore, that testimony must be accepted as true by

this court.  <u>Hale</u>, 831 F.2d at 1012.  Based on the answers to the hypothetical questions posed to the VE, the plaintiff is unable to work.  Therefore, the Commissioner failed to carry his burden at step five of the sequential analysis and the plaintiff is disabled within the meaning of the Social Security Act.

        DONE and ORDERED 9 September 2009.

                                          UNITED STATES DISTRICT JUDGE
                                                  J. FOY GUIN, JR.